UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   Index No:
JAMES J. ANESTIS,

        Plaintiff

  -against-                                    **COMPLAINT AND**
                                              **JURY DEMAND**

THE CITY OF NEW YORK, POLICE OFFICER
MATTHEW KWIECINSKI, Shield Number 12413,
in his official and individual capacities and
SERGEANT MATTHEW VOGT, Shield Number
5589 in his official and individual capacities,

        Defendants.
------------------------------------------------------------------X

The plaintiff JAMES J. ANESTIS by and through his attorney, Spencer Sheehan, Esq. of Sheehan & Associates, P.C., hereby complains of the above named defendants as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of this court arises under 28 U.S.C. §§ 1331 and 1343(a); 42 U.S.C. §§ 1983, 1985, 1986, and 1988; and 18 U.S.C. §§1961-1968.

2. Venue is properly brought in this Court pursuant to 28 U.S.C. § 1391(b), as the defendant The City of New York resides in, and/or the claims all arose in, the Eastern District of New York.

**PARTIES**

3. Plaintiff JAMES J. ANESTIS ("ANESTIS") is a natural person and a citizen of the United States and at all times relevant hereto, was and continues to be a resident of the State and City of New York, County of Kings.

4. Upon information and belief, at all times herein mentioned, the defendant, THE CITY OF NEW YORK ("CITY"), was and continues to be a Municipal Corporation organized under the laws of the State of New York. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees and for the injury occasioned thereby. It was also the public employer of the defendants Officer MATTHEW KWIECINSKI and Sergeant MATTHEW VOGT.

5. Upon information and belief, at all times herein mentioned, the New York City Police Department ("Department") was and continues to be a subdivision, department and/or agency of defendant CITY.

6. At all times herein mentioned, defendant MATTHEW KWIECINSKI ("KWIECINSKI") is a natural person and a duly-appointed police officer in the Department, with Shield Number 12413.

7. At all times herein mentioned, defendant, MATTHEW VOGT ("VOGT"), is a natural person and a duly-appointed officer in the Department, holding the rank of sergeant, with Shield Number 5589.

8. At all times herein mentioned, defendant, VOGT, was the supervising officer of defendant KWIECINSKI.

9. At all times material to this Complaint, defendant, VOGT, acted toward the plaintiff under color of the statutes, ordinances, customs, and usage of the State of New York, City of New York, and the New York City Police Department.

10. At all times material to this Complaint, defendant, KWIECINSKI, acted toward the plaintiff under color of the statutes, ordinances, customs, and usage of the State of New York, City of New York, and the New York City Police Department.

11. Defendants KWIECINSKI and VOGT are being sued in their individual and official capacities.

**FACTS**

12. The plaintiff re-alleges and incorporates herein each and every allegation set forth in paragraphs "1" through "11" as if they were set forth at length herein.

13. Upon information and belief, on December 19, 2010 at approximately 2:20 AM, plaintiff ANESTIS was operating his motor vehicle on Broadway at or near the intersection of 35th Street, County of Queens, State of New York.

14. Upon information and belief, at the aforementioned time and place, defendant KWIECINSKI was on duty, in full New York City police uniform, and patrolling the vicinity in a marked Department patrol car.

15. Upon information and belief, at the aforementioned time and place, defendant KWIECINSKI allegedly observed the plaintiff's vehicle make a left turn onto 35th Street without signaling, at which time defendant KWIECINSKI activated the patrol car's lights and siren and pulled the plaintiff over where the plaintiff was stopped and detained against his will by defendant KWIECINSKI.

16. Upon information and belief, upon stopping the plaintiff's vehicle, defendant KWIECINSKI approached the driver side of the vehicle where the plaintiff was seated and requested the plaintiff to produce his driver's license and registration. The plaintiff complied with the request. Defendant KWIECINSKI then ordered the plaintiff out of the vehicle and ordered the plaintiff to take a field breath test.

17. Upon information and belief, the plaintiff had peacefully declined to submit to the field breath test at which point defendant KWIECINSKI had placed the plaintiff under arrest at

approximately 2:35 AM and charged the plaintiff with the offenses of driving while intoxicated and refusal to take a breath test.

18. Defendant KWIECINSKI had handcuffed the plaintiff, placed the plaintiff in the police patrol car, and took the plaintiff to the 112th Precinct of the Department, located at 68-40 Austin Street, Forest Hills, New York 11375, arriving there at approximately 2:55 AM.

19. Upon information and belief, at or around 2:55 AM, defendant KWIECINSKI completed an On Line Arrest Report ("Arrest Report") via the Omniform System utilized by the Department wherein he indicated that the plaintiff's "Physical Condition" was "APPARENTLY NORMAL" and that "Drugs Used: NONE."

20. While at the precinct, defendant KWIECINSKI made a video recording of the plaintiff beginning approximately at 3:03 AM.

21. Upon information and belief, the plaintiff was jailed or detained at the precinct for approximately eighteen (18) hours before being released on his own recognizance.

22. Upon information and belief, as a result of the aforementioned arrest the defendants seized and impounded the plaintiff's vehicle for the period December 19, 2010 through August 2011.

23. Upon information and belief, at all times prior to the police stop and all times thereafter, the plaintiff did not display any physical condition of intoxication.

24. Upon information and belief, at all relevant times herein, the plaintiff was not intoxicated.

25. The plaintiff was formally charged in Queens Criminal Court of the City of New York, County of Queens, under docket number 2011QN072943 for the crime of driving while intoxicated, a misdemeanor (Vehicle and Traffic Law § 1192(3)); refusal to take a breath test, a

violation (Vehicle and Traffic Law § 1194), an infraction; and failure to signal when turning (Vehicle and Traffic Law § 1163(a)), and infraction.

26. On July 26, 2011, a Huntley/Dunaway/Johnson refusal hearing ("hearing") was held before the Honorable Mary O'Donoghue, a criminal court judge for the Criminal Court of the City of New York, County of Queens, under docket number 2011QN072943, relative to the plaintiff's arrest and charges.

27. At the hearing, defendant KWIECINSKI testified that other than the alleged failure of the plaintiff to signal his left turn, defendant KWIECINSKI did not observe anything about the plaintiff's driving which was improper or which would suggest that the plaintiff was not driving as a reasonable prudent driver.

28. Defendant KWIECINSKI further testified at the hearing that upon stopping the plaintiff's vehicle and requesting the plaintiff to produce his license and registration, defendant KWIECINSKI did not observe signs of intoxication or lack of coordination from the plaintiff.

29. At the hearing, the aforementioned video tape recording of the plaintiff was admitted into evidence at which time it was viewed by all parties and the Court.  When defendant KWIECINSKI was questioned by the plaintiff's attorney and the Court as to whether the plaintiff showed in the video any signs of intoxication, the defendant admitted that the plaintiff in the video did not have blood shot eyes, slurred speech, and the plaintiff was not unsteady on his feet.

30. Defendant KWIECINSKI also admitted at the hearing that he intentionally lied on an official record, to wit, the aforementioned Arrest Report.

31. Defendant KWIECINSKI testified that when an arrestee, including the plaintiff, is allegedly intoxicated, defendant KWIECINSKI and fellow officers were trained and/or told by the

Department to lie on the arrest report by falsely indicating that the arrestee's physical condition was not intoxicated but was "APPARENTLY NORMAL" and that "Drug Used: NONE."

32. Defendant KWIECINSKI testified that he was told by the Department that if he were to indicate on the Arrest Report that the arrestee's, including the plaintiff's, physical condition was "intoxicated", defendant KWIECINSKI and other arresting officers of the Department would be required to take the arrestee(s), including the plaintiff, to the hospital.

33. Defendant KWIECINSKI testified that to avoid this requirement he was trained or told by the Department to intentionally omit from the Arrest Report that the arrestee's physical condition was "intoxicated" but instead to indicate that the physical condition was "apparently normal" despite the fact that the arrest and charge are based upon an unlawful intoxication.

34. Upon information and belief, this custom, rule or policy of reporting is designed and intended to prevent persons who are arrested on DWI charges, including the plaintiff herein, from obtaining an independent medical evaluation or medical evidence proximate to the time of their arrest which would demonstrate that the arrestee, including the plaintiff, was not intoxicated.

35. On September 14, 2011, criminal court judge the Honorable Mary O'Donoghue entered her Decision and Order with regard to the aforementioned hearing. In its Decision and Order, the Court discredited the hearing testimony of the defendant KWIECINSKI. The decision noted the inconsistencies in defendant KWIECINSKI'S testimony as to whether the plaintiff showed classic signs of intoxication at the time of the arrest and the Court noted defendant KWIECINSKI's reluctance to admit that the aforementioned videotape clearly shows that the plaintiff did not demonstrate any classic signs of intoxication.

36. In said Decision and Order, the Court found that defendant KWIECINSKI had no probable cause to stop or to arrest the plaintiff herein.

37. On January 26, 2012, the criminal charges of driving while intoxicated (Vehicle Traffic Law § 1192) and the violation of turning without signaling (Vehicle Traffic Law § 1163(a)) were dismissed.

38. Upon information and belief, at all times prior to the police stop and all times thereafter, the plaintiff did not display any physical condition of intoxication

39. Upon information and belief, the defendants' had imprisoned and strip-searched the plaintiff.

40. Upon information and belief, at all times herein mentioned, the plaintiff was not intoxicated.

41. The plaintiff was booked and locked in a jail cell for approximately eighteen (18) hours before being release on his own recognizance.

42. The plaintiff had not committed any crime and defendant KWIECINSKI did not have probable cause to believe that he had committed any crime.

43. The defendants provided knowingly false testimony against the plaintiff at the criminal proceeding.

44. As a result of the foregoing, the plaintiff was compelled to retain an attorney and to incur legal expense to defend himself against the criminal charges and violations; the plaintiff had lost wages; the plaintiff was deprived of the use and possession of his motor vehicle for approximately nine (9) months; the plaintiff had incurred storage fees and other administrative fees related to the impounding of his vehicle; the plaintiff's driving privileges were suspended from approximately December 2010 through April 9, 2012; and the plaintiff was required to expend other sums of money, including but not limited to taxi and livery services in order to assist in the medical treatment of his elderly mother, by accompanying her to various medical providers.

45. Additionally, as a result of the foregoing, the plaintiff had suffered and continues to suffer emotional distress, humiliation, outrage, indignity, anguish, and shock.

## COUNT I

*42 U.S.C. § 1983 - False Arrest*

46. The plaintiff re-alleges and incorporates herein each and every allegation set forth in paragraphs "1" through "45" as if they were set forth at length herein.

47. The defendants acted under color of law but contrary to law, and intentionally and unreasonably deprived the plaintiff of rights, privileges, and immunities secured by the United States Constitution, laws of the United States, and 42 U.S.C. § 1983, including:

a. the plaintiff's right to be free from false arrest as guaranteed by Amendments IV and XIV of the United States Constitution, by arresting him without probable cause to believe that he had committed any crime; and

b. the plaintiff's right not to be deprived of liberty without due process of law guaranteed by Amendments V and XIV of the United States Constitution

WHEREFORE, the plaintiff demands judgment against all the defendants jointly and severally for actual, general, special compensatory damages in an amount determined by a jury, plus costs, interests and actual attorney fees, and such other relief deemed to be just and equitable.

## COUNT II

*42 U.S.C. § 1983 - False Imprisonment*

48. The plaintiff re-alleges and incorporates herein each and every allegation set forth in paragraphs "1" through "47" as if they were set forth at length herein.

49. All defendant police officers acted under color of law, and intentionally and unreasonably deprived the plaintiff of rights, privileges, and immunities secured by the United States Constitution, laws of the United States and 42 U.S.C. § 1983, including:

- a. the plaintiff's right to be free from false imprisonment as guaranteed by Amendments IV and XIV of the United States Constitution, by unlawfully imprisoning him against his will and without probable cause to believe that he had committed any crime; and

- b. the plaintiff's right not to be deprived of liberty without due process of law guaranteed by Amendments V and XIV of the United States Constitution

WHEREFORE, the plaintiff demands judgment against all the defendants jointly and severally for actual, general, special compensatory damages in an amount determined by a jury, plus costs, interests and actual attorney fees, and such other relief deemed to be just and equitable.

## COUNT III

*42 U.S.C. § 1983 - Improper Seizure of Property*

50. The plaintiff re-alleges and incorporates herein each and every allegation set forth in paragraphs "1" through "49" as if they were set forth at length herein.

51. All defendant police officers acted under color of law, and intentionally and unreasonably deprived the plaintiff of rights, privileges, and immunities secured by the Constitution, laws of the United States and 42 U.S.C. § 1983, including:

    a. the plaintiff's right to be free from the improper seizure or impairment of his property as guaranteed by Amendments IV and XIV of the United States Constitution, by unlawfully seizing his motor vehicle without probable cause to believe that he had committed any crime or that the vehicle was used in the commission of a crime; and

    b. the plaintiff's right not to be deprived of his property without due process of law guaranteed by Amendments V and XIV of the United States Constitution

WHEREFORE, the plaintiff demands judgment against all the defendants jointly and severally for actual, general, special compensatory damages in an amount determined by a jury, plus costs, interests and actual attorney fees, and such other relief deemed to be just and equitable.

### COUNT IV

*42 U.S.C. § 1983 - Malicious Prosecution*

52. The plaintiff re-alleges and incorporates herein each and every allegation set forth in paragraphs "1" through "51" as if they were set forth at length herein.

53. All the defendant police officers acted under color of law but contrary to law, and intentionally and unreasonably deprived the plaintiff of his rights, privileges, and immunities secured by the United States Constitution, laws of the United States, and 42 U.S.C. § 1983, including:

    a. the plaintiff's right to be free from malicious prosecution as guaranteed by Amendments IV and XIV of the United States Constitution, by causing criminal proceedings to be initiated against him without probable cause to believe that he had committed any crime and/or by providing false testimony against him prior to and at the time of the criminal proceeding; and

b. the plaintiff's right not to be deprived of liberty without due process of law guaranteed by Amendments V and XIV of the United States Constitution.

WHEREFORE, the plaintiff demands judgment against all the defendants jointly and severally for actual, general, special compensatory damages in an amount determined by a jury, plus costs, interests and actual attorney fees, and such other relief deemed to be just and equitable.

### COUNT V

*42 U.S.C. § 1983 - Supervisory Liability*

54. The plaintiff re-alleges and incorporates herein each and every allegation set forth in paragraphs "1" through "53" as if they were set forth at length herein.

55. Upon information and belief, at all times herein mentioned, defendant VOGT was the supervisor of defendant KWIECINSKI and had actual or constructive knowledge that his subordinates, including defendant KWIECINSKI, were engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens, including the plaintiff,

56. That despite defendant VOGT's knowledge of the conduct, he showed a deliberate indifference to or tacit authorization of the alleged offensive practices by approving the unlawful arrest and imprisonment of the plaintiff and the unlawful seizure of the plaintiff's vehicle; and by approving the Arrest Report and Complaint prepared by defendant KWIECINSKI despite defendant VOGT's knowledge of the false statements made therein by defendant KWIECINSKI.

WHEREFORE, the plaintiff demands judgment against all defendants jointly and severally for actual, general, special compensatory damages in an amount determined by a jury, plus costs, interests and actual attorney fees, and such other relief deemed to be just and equitable.

### COUNT VI

*42 U.S.C. § 1983 - Municipal Liability*

57. The plaintiff re-alleges and incorporates herein each and every allegation set forth in paragraphs "1" through "56" as if they were set forth at length herein.

58. Defendants The City of New York and/or its New York City Police Department has/have established a practice, policy and/or custom of improperly training, re-training, instructing, supervising, disciplining and/or allowing its police officers to enforce ordinances and state law without regard to the constitutional rights of citizens, including the plaintiff, to be free from violations of the Fourth, Fifth and Fourteenth Amendments, including false arrest, false imprisonment, unlawful seizure of property, and malicious prosecution.

59. The City of New York has established a practice, policy and/or custom of inadequately and improperly investigating complaints of police misconduct when it was known or apparent to the City of New York that its police officers have violated the Fourth, Fifth and Fourteenth Amendment rights of individuals in the manner complained of in this lawsuit.

60. Due to the above described practices, policies and/or customs, the acts of police misconduct were tolerated or acquiesced by the City of New York, and its police officers, including defendants KWIECINSKI and VOGT, believed that they were free to perform their duties without regard to the rights of individuals and without fear of any consequence or discipline.

61. The above described practices, policies and/or customs demonstrate deliberate indifference by the City of New York towards rights of individuals in general and the plaintiff in particular.

62. The above described practices, policies and/or customs and deliberate indifference of the City of New York were the moving force that directly and proximately caused the plaintiff's damages.

WHEREFORE, the plaintiff demands judgment against all the defendants jointly and severally for actual, general, special compensatory damages in an amount determined by a jury, plus costs, interests and actual attorney fees, and such other relief deemed to be just and equitable.

## DAMAGES

63. The plaintiff re-alleges and incorporates herein each and every allegation set forth in paragraphs "1" through "62" as if they were set forth at length herein.

64. As a direct and proximate result of the foregoing acts and/or omissions of each or every defendant, the plaintiff suffered injuries and damages, including but not limited to:

   a. Loss of liberty and cherished constitutional rights;

   b. Emotional distress, humiliation, outrage, indignity, anguish, and shock;

   c. Unwanted and offensive physical contact;

   d. Damage to his reputation;

   e. Lost wages;

   f. Loss of his driving privileges;

   g. Seizure of his motor vehicle and related impounding fees;

   h. Loss of use of his motor vehicle;

   i. Suspension of driving privileges;

   j. Attorney fees and costs;

   k. Other damages currently unascertainable;

WHEREFORE, the plaintiff demands judgment against each and every defendant, jointly and severally, for compensatory, exemplary and punitive damages in an amount to be determined

by the jury plus costs, pre-judgment interests, and actual attorney fees pursuant to 42 U.S.C. § 1988.

Respectfully submitted,

**SHEEHAN & ASSOCIATES, P.C.**

By: _____
Spencer Sheehan

Spencer Sheehan, Esq. (SS8533)
Joshua Levin-Epstein, Esq. (*EDNY Admission Pending*)
15 Morris Lane
Great Neck, New York 11024
Phone: (347) 635-4160
Facsimile: (516) 234-7800
E-Mail:  spencer@spencersheehan.com
             josh@spencersheehan.com

*Attorneys for Plaintiff*