UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JAMES J. ANESTIS,

                            Plaintiff,

            -against-

THE CITY OF NEW YORK, POLICE OFFICER MATTHEW KWIECINSKI, Shield Number 12413, in his official and individual capacities and SERGEANT MATTHEW VOGT, Shield Number 5589 in his official and individual capacities,

                           Defendants.

**ANSWER TO COMPLAINT ON BEHALF OF CITY OF NEW YORK, MATTHEW KWIECINSKI AND MATTHEW VOGT**

13 CV 7125 (CBA)(LB)

Jury Trial Demanded

------------------------------------------------------------------------ x

       Defendants the City of New York, Matthew Kwiecinski and Matthew Vogt, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

       1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

       2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to base venue as stated therein.

       3.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

       4.     Deny the allegations set forth in paragraph "4" of the complaint, except admit that the City of New York is a municipal corporation and admit that Matthew Kwiecinski and Matthew Vogt are employed by the City of New York. Defendants respectfully refer the

Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City of New York and the New York City Police Department (hereinafter "NYPD")

        5.     Deny the allegations set forth in paragraph "5" of the complaint and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City of New York and the NYPD.

        6.     Deny the allegations set forth in paragraph "6" of the complaint, except admit that Matthew Kwiecinski is a person and admit that he is employed by the City of New York as a police officer.

        7.     Deny the allegations set forth in paragraph "7" of the complaint, except admit that Matthew Vogt is a person and admit that he is employed by the City of New York as a police officer.

        8.     Deny the allegations set forth in paragraph "8" of the complaint, except state that to the extent paragraph "8" contains conclusions of law rather than averments of fact, no response is required.

        9.     Deny the allegations set forth in paragraph "9" of the complaint, except state that to the extent paragraph "9" contains conclusions of law rather than averments of fact, no response is required.

        10.     Deny the allegations set forth in paragraph "10" of the complaint, except state that to the extent paragraph "10" contains conclusions of law rather than averments of fact, no response is required.

        11.     Deny the allegations set forth in paragraph "11" of the complaint, except admit that plaintiff purports to sue the individual defendants as stated therein.

12. In response to the allegations set forth in paragraph "12" of the complaint, defendants repeat and re-allege the foregoing responses set forth in paragraphs "1-11" inclusive, of this answer, as if fully set forth herein.

13. Admit the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit Kwiecinski was on duty, in uniform, and in a patrol car in the vicinity of 35th Street and Broadway in Queens, New York.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit Kwiecinski observed plaintiff unlawfully turn his vehicle without using the appropriate signal and admit that Kwiecinski lawfully stopped plaintiff's vehicle.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint, except admit Kwiecinski requested identification from plaintiff and admit he offered plaintiff a field breath test.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint, except admit plaintiff refused the field breath test and admit plaintiff was lawfully arrested. Defendants further admit that the arrest report charged plaintiff with operating a motor vehicle while intoxicated, failing to lawfully signal before turning, and refusal to take a breath test.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint, except admit plaintiff was lawfully arrested.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint, except admit Kwiecinski

indicated that plaintiff's condition was "apparently normal" and "Drugs Used: None" on plaintiff's arrest report.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint, except admit plaintiff was recorded on video at the precinct.

21. Deny knowledge or information sufficient to form at belief as to the allegations set forth in paragraph "21" of the complaint.

22. Deny knowledge or information sufficient to form at belief as to the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny knowledge or information sufficient to form at belief as to the allegations set forth in paragraph "25" of the complaint.

26. Deny knowledge or information sufficient to form at belief as to the allegations set forth in paragraph "26" of the complaint.

27. Deny knowledge or information sufficient to form at belief as to the allegations set forth in paragraph "27" of the complaint.

28. Deny knowledge or information sufficient to form at belief as to the allegations set forth in paragraph "28" of the complaint.

29. Deny knowledge or information sufficient to form at belief as to the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny knowledge or information sufficient to form at belief as to the allegations set forth in paragraph "31" of the complaint.

32. Deny knowledge or information sufficient to form at belief as to the allegations set forth in paragraph "32" of the complaint.

33. Deny knowledge or information sufficient to form at belief as to the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny knowledge or information sufficient to form at belief as to the allegations set forth in paragraph "35" of the complaint.

36. Deny knowledge or information sufficient to form at belief as to the allegations set forth in paragraph "36" of the complaint.

37. Deny knowledge or information sufficient to form at belief as to the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny knowledge or information sufficient to form at belief as to the allegation in paragraph "39" that plaintiff was strip searched, and admit that plaintiff was lawfully arrested.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny knowledge or information sufficient to form at belief as to the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny knowledge or information sufficient to form at belief as to the allegations set forth in paragraph "44" of the complaint, and state that plaintiff was lawfully arrested.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. In response to the allegations set forth in paragraph "46" of the complaint, defendants repeat and re-allege the foregoing responses set forth in paragraphs "1-45" inclusive, of this answer, as if fully set forth herein.

47. Deny the allegations set forth in paragraph "47" of the complaint, including subparts. To the extent paragraph "47" contains conclusions of law rather than averments of fact, no response is required.

48. In response to the allegations set forth in paragraph "48" of the complaint, defendants repeat and re-allege the foregoing responses set forth in paragraphs "1-47" inclusive, of this answer, as if fully set forth herein.

49. Deny the allegations set forth in paragraph "49" of the complaint, including subparts. To the extent paragraph "49" contains conclusions of law rather than averments of fact, no response is required.

50. In response to the allegations set forth in paragraph "50" of the complaint, defendants repeat and re-allege the foregoing responses set forth in paragraphs "1-49" inclusive, of this answer, as if fully set forth herein.

51. Deny the allegations set forth in paragraph "51" of the complaint, including subparts. To the extent paragraph "51" contains conclusions of law rather than averments of fact, no response is required.

52. In response to the allegations set forth in paragraph "52" of the complaint, defendants repeat and re-allege the foregoing responses set forth in paragraphs "1-51" inclusive, of this answer, as if fully set forth herein.

53. Deny the allegations set forth in paragraph "53" of the complaint, including subparts. To the extent paragraph "53" contains conclusions of law rather than averments of fact, no response is required.

54. In response to the allegations set forth in paragraph "54" of the complaint, defendants repeat and re-allege the foregoing responses set forth in paragraphs "1-53" inclusive, of this answer, as if fully set forth herein.

55. Deny the allegations set forth in paragraph "55" of the complaint, except state that to the extent paragraph "55" contains conclusions of law rather than averments of fact, no response is required.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. In response to the allegations set forth in paragraph "57" of the complaint, defendants repeat and re-allege the foregoing responses set forth in paragraphs "1-56" inclusive, of this answer, as if fully set forth herein.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. In response to the allegations set forth in paragraph "63" of the complaint, defendants repeat and re-allege the foregoing responses set forth in paragraphs "1-62" inclusive, of this answer, as if fully set forth herein.

64. Deny the allegations set forth in paragraph "64" of the complaint, including subparts.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

65. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

66. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have the defendants violated any Act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

67. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the conduct of intervening third parties and was not the proximate result of any act of the defendant City of New York and/or, any named or unnamed or currently unidentified officer of the New York City Police Department.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

68. There was probable cause for plaintiff's arrest, detention, and prosecution.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

69. The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

- 9 -

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

70. Punitive damages may not be assessed against defendant City of New York.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

71. This action may be barred, in whole or in part, for plaintiff's failure to comply with the conditions precedent to suit.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

72. Plaintiff provoked any incident.

**WHEREFORE,** Defendants the City of New York, Matthew Kwiecinski and Matthew Vogt request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
April 11, 2014

                            ZACHARY W. CARTER
                            Corporation Counsel
                            of the City of New York
                            *Attorney for Defendants City, Kwiecinski, and Vogt*
                            100 Church Street, Room 3-190
                            New York, New York 10007
                            (212) 356-2358

By: _____/s_____
       CAROLYN K. DEPOIAN
       Assistant Corporation Counsel
       Special Federal Litigation Division

To: Spencer Sheehan, Esq. (VIA ECF)
     Sheehan & Associates, P.C.
     *Attorney for Plaintiff*

13 CV 7125 (CBA)(LB)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JAMES J. ANESTIS,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER MATTHEW KWIECINSKI, Shield Number 12413, in his official and individual capacities and SERGEANT MATTHEW VOGT, Shield Number 5589 in his official and individual capacities,

                              Defendants.

**ANSWER TO COMPLAINT ON BEHALF OF CITY OF NEW YORK, MATTHEW KWIECINSKI, AND MATTHEW VOGT**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, New York  10007*
*Of Counsel:  CAROLYN K. DEPOIAN*
*Tel:  (212) 356-2358*

*Due and timely service is hereby admitted.*
*New York, N.Y.  ..........................., 2014*
*......................................................Esq.*
*Attorney for ............................................*